ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2018-May-09 15:38:52
04CV-18-1325
C19WD04 : 11 Pages

IN THE CIRCUIT COURT OF
BENTON COUNTY ARKANSAS

KENNETH KAPPELMEIER,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

WIL-SHAR, INC.

    Defendant.

Civil Action No. _____

Jury Trial Demanded

## CLASS ACTION COMPLAINT

Plaintiff Kenneth Kappelmeier ("Plaintiff"), by and through counsel, brings this lawsuit against Defendant WIL-SHAR, Inc. ("Defendant"), on behalf of Plaintiff and all others similarly situated, and for his Complaint states and alleges as follows:

### STATEMENT OF THE CASE

1. This is a class action for unpaid minimum wages and overtime under the provisions of the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq.*, ("AMWA") and at common law to remedy Defendant's unlawful pay practices and policies and retaliation against Plaintiff, and other similarly situated employees as described herein, which occurred within three years preceding the date of the filing of this Complaint.

### JURISDICTION AND VENUE

2. Plaintiff is a citizen of Washington County, Arkansas.

3. Defendant is an Arkansas corporation with a principal place of business in Benton County, Arkansas.

**EXHIBIT 1**

4. This Court has jurisdiction over the subject matter of this action and Plaintiff's claims, pursuant to Ark. Code Ann. §16-13-201.

5. Venue is proper as a substantial part of the events or omissions giving rise to the claims occurred in this county, and based upon the fact that Defendant's principal place of business is in this county.

6. This Court has jurisdiction over the parties to this action.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff worked for Defendant from April 29, 2015 until July 28, 2016, during the applicable statute of limitations in this cause.

8. Defendant is an Arkansas corporation that conducts business in Arkansas and across the United States. Defendant's principal place of business at 325 A. South 45th Street, Rogers, AR 72758.

9. At all times relevant herein, Plaintiff and the putative class members have been covered employees and were employed by Defendant, all within the meaning of the AMWA.

10. At present and all times relevant herein, Defendant is a covered employer subject to the wage and hour requirements of the AMWA.

11. Plaintiff commenced his employment on or about April 29, 2015 as a Sheet Metal General Laborer ("Iron Worker") based in Rogers, Arkansas. In this position, Plaintiff was responsible for constructing, assembling, and erecting Steel Frame Buildings. Defendant assigned Plaintiff to job sites in the state of Arkansas and outside the state of Arkansas.

12. Plaintiff was compensated at the hourly rate of $15.00 for the first 6 months of his employment, after which time he was compensated at the rate of $18.00 per hour until his termination on or about July 28, 2016

13. Defendant failed to fully compensate Plaintiff, and others similarly situated, for all time spent working for Defendant, in violation of the AMWA. Defendant failed to compensate the employees for time spent donning and doffing clothing and protective gear; for time spent "engaged to wait" for Defendant's benefit; for time spent traveling to job sites; and for time spent at involuntary training. These activities were necessary and indispensable to employees' work, but Defendant failed to compensate for their time.

14. Defendant is a steel erector that provides steel erection services throughout the United States.

15. Plaintiff and others similarly situated were / are employed as ironworkers. They erected steel and metal structures and performed all manner of related tasks for Defendant. Defendant required the employees arrive 15 minutes early every work day. During this time, the Defendant would assign tasks to employees, telling employees where to go, and when to go; performed roll-calls; and required the employees use this time to put on work attire and safety equipment, as well as attend safety meetings. Defendant refused to compensate the employees for these 15 minute increments. Moreover, Defendant disciplined employees who did not report to work 15 minutes before the start of the regular work day. Defendants failed to compensate the ironworkers for time spent removing safety clothing and gear and cleaning up the job site, all of which was integral and indispensable to their primary activities and was not *de minimis* in length.

16. Additionally, Defendant failed to compensate employees for travel time. Defendant engaged in business that required its employees to travel to various job sites outside of Northwest Arkansas, their home community, but failed to pay employees for travel to those locations. This travel time occurred during the employees' regular working hours. Many of the

3

job sites were located several hours away from the home community, and employees often stayed on-site for multiple days. Defendant failed to compensate Plaintiff and similarly situated employees for the compensable time spent traveling to said job sites.

17. Defendant illegally deducted from employees' paycheck the cost of attending "apprenticeship" classes. Defendant deducted $12.00 per week from each ironworker to cover the cost of the training courses. Plaintiff and all other ironworkers were subject to threat of termination if they missed classes. Defendant did not compensate the ironworkers for the time spent in the classes.

18. Finally, Defendant unlawfully retaliated against Plaintiff and others who opposed Defendant's unlawful practices. Plaintiff and other ironworkers were fired or otherwise severely disciplined because they opposed Defendant's unlawful employment practices.

19. Defendant violated Arkansas law. The AMWA mandates that individuals are paid a minimum wage for their labors, which includes overtime compensation for those who work more than 40 hours in a workweek. Plaintiff, on behalf of himself and others similarly situated, seeks to recover unpaid wages (including minimum wage and overtime compensation), other compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, and other relief the Court deems just and proper.

20. On or about July 2016, Plaintiff confronted the Defendant about its unlawful practice of refusing to pay Plaintiff and the other Ironworkers for the time spent working for Defendant before and after scheduled shift start times, time spent traveling to job sites, training time, and illegal deductions from their paychecks.

21. On or about July 28, of 2016, Plaintiff was terminated by his supervisor, Steve Scott, because Plaintiff refused to arrive 15 minutes before the start of his shift unless

compensated by Defendant for his time. The termination was in retaliation against Plaintiff for confronting the Defendant about its unlawful activity and for seeking counsel in regards to the plaintiff's uncompensated time performing work.

## COUNT I
## VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT
*(failure to pay overtime compensation)*

22. Plaintiff repeats all allegations contained within other sections of this complaint as if set forth word for word herein.

23. At all relevant times, Plaintiff and members of the putative class were entitled to the rights, protections, and benefits provided under the AMWA.

24. At all relevant times, Plaintiff and members of the putative class were "employees" as that term is defined in the application sections of the AMWA.

25. At all relevant times, Defendant was an "employer" of Plaintiff and members of the putative class, as that term is defined in the application sections of the AMWA

26. The AMWA provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 ½) times the regular rate of pay at which he or she is employed." Ark Code Ann. § 11-4-211(a).

27. At all relevant times, Defendant, acting pursuant to its policies and practices, failed and refused to compensate Plaintiff and members of the putative class for work performed at the rate required by the applicable provisions of the AMWA.

28. Plaintiff and members of the putative class are entitled to compensation for all hours worked in excess of 40 hours per work week at a rate not less than one and one-half times their regular rate of pay.

29. Defendant has willfully violated and continues to violate the AMWA by failing to pay putative class members for all hours actually worked at the rate prescribed therein.

30. Defendant has willfully violated and continues to violate the AMWA by failing to pay one and one-half times the regular rate of pay for compensable time in excess of 40 hours per work week.

31. Defendant has failed and continues to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the AMWA.

32. Plaintiff and members of the putative class have sustained damages as a result of Defendant's violation of the AMWA.

33. Defendant's violations entitled Plaintiff and members of the putative class to liquidated damages pursuant to Ark Code Ann. § 11-4-218(a)(2) in an amount equal to Plaintiff's and the putative class' compensatory damages.

34. Plaintiff and members of the putative class are entitled to an award of attorney's fees and costs pursuant to Ark Code Ann. § 11-4-218(a)(1)(B)(ii).

**COUNT II**
**VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT**
*(failure to pay minimum wage)*

35. Plaintiff repeats all allegations contained within other sections of this complaint as if set forth word for word herein.

6

36. At all relevant times, Plaintiff and members of the putative class were entitled to the rights, protections, and benefits provided under the AMWA.

37. At all relevant times, Plaintiff and members of the putative class were "employees" as that term is defined in the application sections of the AMWA.

38. At all relevant times, Defendant was an "employer" of Plaintiff and members of the putative class, as that term is defined in the application sections of the AMWA.

39. The AMWA mandates that employers must pay employees no less than the statutory minimum wage set forth in Ark Code Ann. § 11-4-210, as amended.

40. At all relevant times, Defendant, acting pursuant to its policies and practices, failed and refused to compensate Plaintiff and members of the putative class at that rate required by Arkansas law.

41. Plaintiff and members of the putative classes are entitled to compensation for all hours worked up to 40 hours per work week at the minimum wage set by Ark Code Ann. § 11-4-210, as amended.

42. Defendant has willfully violated and continues to violate the AMWA by failing to pay putative class members for all hours worked up to 40 hours per work at least at the minimum statutory rate.

43. Defendant has failed and continues to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the AMWA.

44. Plaintiff and members of the putative class have sustained damages as a result of Defendant's violations of the AMWA.

45. Plaintiff and members of the putative class are entitled to liquidated damages pursuant to by Ark Code Ann. § 11-4-218(a)(2) in an amount equal to Plaintiff's and the class' compensatory damages.

46. Plaintiff and members of the class are entitled to attorney's fees.

## COUNT III
## VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT
*(retaliation)*

47. Plaintiff repeats and incorporates by reference the allegations contained in all other portions of this complaint as if set forth word for word herein.

48. The AMWA prohibits retaliation against an employee who complains to the employer about violations of the AMWA.

49. Plaintiff and other Ironworkers complained that they were not being compensated for compensable time worked for Defendant, and that Defendant was continuously violating the AMWA.

50. In response to said complaints and opposition, Defendant terminated the employment of Plaintiff and also disciplined other Ironworkers.

51. Plaintiff is entitled to damages for said retaliation pursuant to Ark Code Ann. § 11-4-206.

## CLASS ALLEGATIONS

52. Plaintiff repeats and incorporates by reference the allegations contained within other sections of this complaint.

53. This case is brought as a class action pursuant to Arkansas Rule of Civil Procedure 23.

54. The putative class consists of:

8

*All individuals who were employed as ironworkers or steel erectors for Defendant from May 8, 2015 until present*

55. Although the precise number of members is unknown presently, such information is within Defendant's records. Upon information and belief, the members number in the hundreds; therefore, the Rule 23 "numerosity" element is satisfied.

56. Plaintiff is a member of the class.

57. Plaintiff's claims are typical of the claims of all class members.

58. Plaintiff is fully prepared to diligently pursue this case on behalf of all class members.

59. There exist numerous common questions of fact or law in this action, as set forth in detail in this complaint, that predominate over any question affecting only individual class members.

60. A class action is superior over any other method of adjudicating this controversy, and it is desirable to concentrate the members' claims into one forum to conserve judicial resources and facilitate the consistency of adjudication.

### DEMAND FOR JURY TRIAL

61. Plaintiff demands a trial by jury upon all issues herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the putative class, respectfully requests the Court:

a. Certify this action as a class action on behalf of the proposed class pursuant to Ark. R. Civ. P. 23, with the class defined as:

*All individuals who were employed as ironworkers or steel erectors for Defendant from May 8, 2015 until present.*

b. Designate Plaintiff as representative of the class;

c. Appoint Hogue Law Firm, PLLC as class counsel;

d. Enter a declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

e. Enter a permanent injunction, restraining and preventing Defendant from withholding compensation that is due Plaintiff and/or putative members of the class, and from retaliating against any class member for taking part in this action, and from further violations of their rights under law;

f. Enter an order for a complete and accurate accounting of all the compensation to which Plaintiff and the putative class members are entitled;

g. Enter judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and others similarly situated at the applicable minimum wage and overtime rates. The damages continue for a period from three (3) years prior to the filing of this complaint to the date of trial;

h. Enter judgment against Defendant for liquidated damages equal to the amount of compensatory damages;

i. Find that Defendant's violations of the AMWA were willful;

j. Grant Plaintiff all recoverable expenses, costs, and attorney's fees incurred in prosecuting this action, together with applicable interest and punitive damages; and

k. Grant Plaintiff and the class members all further relief the Court deems just and appropriate.

Dated May 08, 2018

Respectfully Submitted,


Hogue Law Firm, PLLC
P.O. Box 4220
206 N. College Ave.,
Fayetteville, Arkansas 72701
(479) 444-6311
(479) 444-6455 *fax*
josh@hoguelawfirm.com

By: _____
Joshua L. Bailey (2009184)
Brian C. Hogue (2010028)


*Attorneys for Plaintiff Kenneth A. Kappelmeier*

## IN THE CIRCUIT COURT OF
## BENTON COUNTY ARKANSAS

KENNETH KAPPELMEIER,
individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

WIL-SHAR, INC.

      Defendant.

Civil Action No. _____

Jury Trial Demanded

THE STATE OF ARKANSAS TO DEFENDANT:         Wil-Shar, Inc.
                                            325 A South 45th Street'
                                            Rogers, AR 72719

## NOTICE

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the petition or a motion under Rule 12 of the Arkansas Rules of Civil Procedure. Additional notices:

The answer or motion must also be served on the defendant or defendant's attorney, whose name and address are: Joshua L. Bailey, P.O. Box 4220, Fayetteville, Arkansas, 72702.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

                                     CLERK OF COURT

Address of Clerk's Office

102 N.E. "A" Street
Bentonville, AR 72712

                                     _____
                                     [Signature of Clerk or Deputy Clerk]

                                     Date: _____

No. _____ This summons is for _____
                                        **(name of Defendant).**

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                                      [Signature of server]


                                  _____
                                  [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____    By: _____
                           [Signature of server]

                           _____
                           [Printed name]

Address: _____
_____
Phone: _____

Subscribed and sworn to before me this date: _____

                           _____
                           Notary Public

My commission expires:

_____

Additional information regarding service or attempted service:

_____
_____



Arkansas Judiciary

**Case Title:** KAPPLEMEIER V WIL-SHAR INC

**Case Number:** 04CV-18-1325

**Type:** SUMMONS - FILER PREPARED

So Ordered

*Blythe Reid*

Blythe L Reid, Benton County Deputy Clerk

Electronically signed by BLREID on 2018-05-10 08:34:12    page 4 of 4