ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2018-Aug-23  15:05:55
04CV-18-1325
C19WD04 : 10 Pages

## IN THE CIRCUIT COURT OF
## BENTON COUNTY ARKANSAS

KENNETH KAPPELMEIER, and
ADAM KAPPELMEIER,
individually and on behalf of
all others similarly situated,

      Plaintiffs,

v.

WIL-SHAR, INC.

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 04CV-18-1325

Jury Trial Demanded

### AMENDED CLASS ACTION COMPLAINT

Plaintiffs Kenneth Kappelmeier and Adam Kappelmeier ("Plaintiff"), by and through undersigned counsel, bring this lawsuit against Defendant WIL-SHAR, Inc. ("Defendant"), on behalf of Plaintiffs and all others similarly situated, and for the Amended Complaint state and allege as follows:

### STATEMENT OF THE CASE

1.      This is a class action for unpaid minimum wages and overtime under the provisions of the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*, ("AMWA") and at common law to remedy Defendant's unlawful pay practices and policies and retaliation against Plaintiffs, and other similarly situated employees as described herein, which occurred within three years preceding the date of the filing of this Complaint.

2.      Plaintiff Kenneth Kappelmeier filed the Compliant on May 09, 2018, and the purpose of this amended complaint is to add Adam Kappelmeier as a Plaintiff and class representative to this action.



EXHIBIT
2

3.      Defendant failed to fully compensate Plaintiffs, and others similarly situated, for all time spent working for Defendant, in violation of the AMWA.  Defendant failed to compensate the employees for time spent donning and doffing clothing and protective gear; for time spent "engaged to wait" for Defendant's benefit; for time spent traveling to job sites; and for time spent at involuntary training.  These activities were necessary and indispensable to employees' work, but Defendant failed to compensate for their time.

4.      Defendant is a steel erector that provides steel erection services throughout the United States.

5.      Plaintiffs and others similarly situated were / are employed as ironworkers within the three years preceding the filing of the complaint in this action. They erected steel and metal structures and performed all manner of related tasks for Defendant. Defendant required the employees arrive 15 minutes early every work day. During this time, the Defendant would assign tasks to employees, telling employees where to go, and when to go; performed roll-calls; and required the employees use this time to put on work attire and safety equipment, as well as attend safety meetings. Defendant refused to compensate the employees for these 15 minute increments. Moreover, Defendant disciplined employees who did not report to work 15 minutes before the start of the regular work day. Defendants failed to compensate the ironworkers for time spent removing safety clothing and gear and cleaning up the job site, all of which was integral and indispensable to their primary activities and was not *de minimis* in length.

6.      Additionally,  Defendant failed to compensate employees for travel time. Defendant engaged in business that required its employees to travel to various job sites outside of the home community, but failed to pay employees for travel to those locations.  This travel time occurred during the employees' regular working hours.  Many of the job sites were located

several hours away from the home community, and employees often stayed on-site for multiple days. Defendant failed to compensate Plaintiff and similarly situated employees for the compensable time spent traveling.

7.      Defendant illegally deducted from employees' paycheck the cost of attending "apprenticeship" classes. Defendant deducted $12.00 per week from each ironworker to cover the cost of the training courses. Plaintiffs and all other ironworkers were subject to threat of termination if they missed classes.  Defendant did not compensate the ironworkers for the time spent in the classes.

8.      Finally, Defendant unlawfully retaliated against Plaintiffs and others who opposed Defendant's unlawful practices.  Plaintiffs and other ironworkers were fired or otherwise severely disciplined because they opposed Defendant's unlawful employment practices.

9.      Defendant violated Arkansas law.  The AMWA mandates that individuals are paid a minimum wage for their labors, which includes overtime compensation for those who work more than 40 hours in a workweek.  Plaintiffs, on behalf of themselves and others similarly situated, seek to recover unpaid wages (including minimum wage and overtime compensation), other compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, and other relief the Court deems just and proper.

## JURISDICTION AND VENUE

10.      Plaintiff is a citizen of Washington County, Arkansas.

11.      Defendant is a domestic corporation with a principal place of business in Benton County, Arkansas.

12.      This Court has jurisdiction over the subject matter of this action and Plaintiff's claims, pursuant to Ark. Code Ann. §16-13-201.

13.     Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in this county, and because Defendant's principal place of business is in this county.

14.     This Court has jurisdiction over the parties to this action.

**ALLEGATIONS COMMON TO ALL CLAIMS**

15.     Plaintiffs worked for Defendant from April 29, 2015 until July 28, 2016, during the applicable statute of limitations in this cause.

16.     Defendant is a domestic corporation that conducts business in Arkansas and across the United States. Defendant maintains substantial offices and conducts a large volume of business within this district and has a principal place of business at 325 A. South 45th Street, Rogers, AR 72758.

17.     At all times relevant herein, Plaintiffs and the putative class members have been covered employee and were employed by Defendant, all within the meaning of the AMWA.

18.     At present and all times relevant herein, Defendant is a covered employer subject to the wage and hour requirements of the AMWA.

19.     Plaintiffs commenced their employment on or about April 29, 2015, each as a Sheet Metal General Laborer ("Iron Worker") based in Rogers, Arkansas.  In this position, Plaintiffs were responsible for constructing, assembling, and erecting Steel Frame Buildings. Defendant assigned Plaintiffs to job sites in the State of Arkansas and out-of-state job sites.

20.     Plaintiffs were compensated at the rate of $15.00 for the first 6 months of their employment, after which time they were compensated at the rate of $18.00 per hour until discharge on or about July 28, 2016.

21.     On or about July 2016, Plaintiffs confronted the Defendant about its unlawful practice of refusing to pay Plaintiffs and the other Ironworkers for the time spent working for Defendant before and after scheduled shift start times, time spent traveling to job sites, training time, and illegal deductions from their paychecks.

22.     On or about July 28, of 2016, Plaintiffs were terminated by their supervisor, Steve Scott, because Plaintiff refused to arrive 15 minutes before the start of his shift unless compensated by Defendant for his time.  The termination was in retaliation against Plaintiffs for confronting the Defendant about its unlawful activity and for seeking counsel in regards to the plaintiff's uncompensated time performing work.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
*(failure to pay wages and denial of overtime compensation)*

23.     Plaintiffs repeats the allegations contained in paragraphs 1-14 as if set forth herein word for word.

24.     At all relevant times, Defendant was and has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," all within the meaning of the FLSA. At all relevant times herein, Defendant has had annual gross revenues in excess of $500,000.00

25.     At all relevant times, Plaintiff was an hourly wage employee entitled to wages for each and every hour worked under forty (40) hours per week, and time-and-a-half for each and every hour worked in a week beyond that.

26.     At all relevant times, Plaintiff was "employed" by Defendant within the meaning of the FLSA.

27.     At all relevant times, Plaintiff was not exempt from the provisions of the FLSA.

28.     At all relevant times, Defendant intentionally failed to pay Plaintiff for each and every hour worked, including travel time, time spent donning and doffing safety equipment necessary to met work requirements, time spent at safety meetings, time plaintiff was engaged to wait by Defendant for work tasks, time spent for mandatory classes and the money deducted from Plaintiff's paycheck to cover cost of said classes. Defendant has a policy and/or practice of refusing to compensate Plaintiff for hours in which Plaintiff suffered or was permitted to work during periods that Plaintiff was "engaged to wait." Defendant's practices violated federal law. As a result of Defendant's unlawful practices, Defendant benefited from reduced labor or payroll costs, and Plaintiff suffered lost wages and other damages.

29.     Defendant's policy and/or practice of failing and/or refusing to compensate Plaintiff for all hours worked constituted an intentional and willful refusal to compensate for actual hours worked in violation of the FLSA. Defendant's actions were not the result of mistake or inadvertence. Defendant knew or should have known that the FLSA required employers to compensate all non-exempt employees for each and every hour worked in Defendant's employ, and Defendant knew or should have known of litigation and enforcement actions with respect to an employer's failure to compensate an employee for hours worked for the Defendant's benefit. Defendant intentionally failed to keep accurate records and intentionally under-paid Plaintiff. Even after Defendant was placed on notice of these violations, Defendant continued its willful refusal to compensate Plaintiff for all hours worked in Defendant's employ.

30.     Plaintiff was "engaged to wait" during period of arriving early to work for: roll call, to put on work attire and safety equipment, to attend safety meetings. The onerous conditions created by Defendant's "early-arrival" policy restricted Plaintiff from using his time for personal pursuits. During this early arrival period, before being allowed to "clock in"

Defendant placed such restrictions and requirements on Plaintiff that Plaintiff was had begun performing work for the Defendant's benefit. During this early arrival period, Plaintiff was required to remain ready to work for Defendant at a moment's notice. Plaintiff could not avoid this obligation, even though he was not being paid.

31.     Whether Plaintiff traveled to distant out-of-state locations or in-state locations to construct steel buildings for the Defendant, the travel time and use of own personal vehicles placed an unreasonable financial burden on the Plaintiff and employees, and required considerable time, energy, preparedness, and capacity.

32.     Plaintiff and employees were not reimbursed for the expense of gas or compensated for mileage when using personal vehicles to travel to job sites for the Defendant.

33.     Defendant required Plaintiff and all ironworkers to attend National Center for Construction Education and Research ("NCCR") classes, $12.00 was deducted from Plaintiff and every ironworker's paycheck whether they attended the class or not. Defendant threatened Plaintiff and ironworkers with termination if they missed three (3) classes in a semester.

34.     There are other and further requirements and restrictions which will be more fully developed as discovery continues, and Plaintiff reserves the right to plead further.

35.     Plaintiff in entitled to compensation in the amount of Plaintiff's full wages, as provided for in 29 U.S.C. § 207, for all periods in which Plaintiff worked for Defendant without pay.

36.     Defendant never compensated Plaintiff for his off the clock time.

37.     Defendant's conduct of failing and/or refusing to properly record Plaintiff's hours and thereafter failing to pay Plaintiff for each hour worked was willful and done to avoid paying Plaintiff's full and fair wages and other benefits to which Plaintiff was legally entitled.

38.    Defendant retaliated against the Plaintiff by terminating his employment a few weeks after he confronted the Defendant about the unlawful wage practices recited herein.

39.    Plaintiff is entitled to all wages and for an equal amount in liquidated damages, and Plaintiff is entitled to attorney's fees and costs incurred in enforcing his rights, pursuant to the FLSA, 29 U.S.C. § 216(b).

40.    Based on the foregoing, Plaintiff seeks unpaid premium wages at the statutory rate for all working hours during the relevant time period, liquidated damages, prejudgment interest, attorney's fees and litigation costs, and all other costs and penalties allowed by law.

## COUNT II
## VIOLATIONS OF THE FAIL LABOR STANDARDS ACT
### *(failure to maintain records)*

41.    Plaintiff repeats the allegations contained in paragraphs 1-32 as if set forth herein word for word.

42.    Defendant failed to maintain all records required by the FLSA and applicable corresponding regulations, including records reflecting all hours Plaintiff worked during the relevant time period; therefore, Defendant violated the FLSA.

43.    Defendant's conduct was willful and not the result of mistake or inadvertence.

44.    As a direct result of Defendant's actions, Plaintiff suffered injury and incurred damages and financial loss.

45.    Defendant retaliated against the Plaintiff by terminating his employment a few weeks after he confronted the Defendant about the unlawful wage practices recited herein.

46.    Accordingly, Plaintiff seeks damages, restitution, estoppel from asserting lack of employment records as a defense, penalties, liquidated damages and attorney's fees and costs, and all other and further relief to which he may be entitled.

## COUNT III
## VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT
*(failure to pay wages and denial of overtime compensation)*

47.     Plaintiff repeats the allegations contained in paragraphs 1-38 as if set forth herein word for word.

48.     The foregoing conduct, as alleged, violated the AMWA, A.C.A. § 11-4-201, *et seq.*

49.     At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the AMWA.

50.     At all relevant times, Plaintiff was an "employee" within the meaning of the AMWA.

51.     Defendant has violated and continues to violate the AMWA as a result of Defendant's failure to pay and decision to withhold Plaintiff's wages earned.

52.     Defendant has violated and continues to violate the AMWA as a result of Defendant's failure to record, report, credit and furnish to Defendant his wage and hour records showing all wages earned and due for all worked performed.

53.     Defendant retaliated against the Plaintiff by terminating his employment a few weeks after he confronted the Defendant about the unlawful wage practices recited herein.

54.     Defendant therefore seeks damages in the amount of the unpaid wages earned and due at Plaintiff's regular hourly rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, plus attorney's fees and costs of this action, all as provided in the AMWA, along with any and all further relief to which he may be entitled. Including all relief pursuant to the FLSA, 29 U.S.C §216(b).

## DEMAND FOR JURY TRIAL

55.     Plaintiff demands a trial by jury upon all issues herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant  for

declaratory judgment that Defendant violated the FLSA and AMWA, and actual economic

damages in an amount to be determined at trial, but in any event an amount not less than that

which would compensate Plaintiff for unpaid back wages, unpaid overtime wages, for accrued

interest, for liquidated damages as a result of Defendant's willful conduct, and any and all civil

penalties to which he may be entitled, and for Plaintiff's attorney's fees, costs, prejudgment

interest, post-judgment interest, and such other and further relief that the Court deems just and

appropriate.

Dated August 23, 2018

Respectfully Submitted,


Hogue Law Firm, PLLC
P.O. Box 4220
206 N. College Ave.,
Fayetteville, Arkansas 72701
(479) 444-6311
(479) 444-6455 *fax*
josh@hoguelawfirm.com

By: _____
Joshua L. Bailey (2009184)


*Attorneys for Plaintiffs Kenneth A. Kappelmeier and*
*Adam Kappelmeier*

IN THE CIRCUIT COURT OF
BENTON COUNTY ARKANSAS

KENNETH KAPPELMEIER, and
ADAM KAPPELMEIER,
individually and on behalf of
all others similarly situated,                    :
                                                  :
                Plaintiffs,                        :        Civil Action No. 04CV-18-1325
                                                  :
v.                                                :
                                                  :
                                                  :
WIL-SHAR, INC.                                    :
                                                  :
                Defendant.                         :

## AMENDED SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**        **WIL-SHAR, INC**
                                               **c/o Sharon Witcofski**
                                               **325A S. 45th Street**
                                               **Rogers, AR 72758**


A lawsuit has been filed against you. The relief demanded is stated in the attached compliant. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure. Additional notices: Amended Complaint.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Joshua L. Bailey, P.O. Box 4220, Fayetteville, AR 72702.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

                                        CLERK OF COURT

Address of Clerk's Office

102 N.E. A Street            _____
Bentonville, AR  72712       [Signature of Clerk or Deputy Clerk]


[SEAL]                       DATE:_____

**No. _____ This summons is for _____ (name of Defendant).**

## PROOF OF SERVICE

I personally delivered the summons and complaint to the individual at _____

_____ [place] on _____ [date]; or

I left the summons and complaint in the proximity of the individual by_____

_____after he/she refused to receive it when I offered it to him/her; or

I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name]; a Person at least 14 years of age who resides there; on _____[date]; or

I delivered the summons and complaint to _____ [name of individual],

An agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted deliver, as shown by the attached signed return receipt.

I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

Other [specify] _____

I was unable to execute service because: _____

_____

My fee is $_____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

BY: _____

[Signature of server]

_____

[Printed name, title, and badge number]

To be completed if service is by a person other than a sheriff or deputy sheriff:

Date: _____     By: _____

[Signature of server]

_____

[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____

Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**      KAPPLEMEIER V WIL-SHAR INC

**Case Number:**      04CV-18-1325

**Type:**      SUMMONS - FILER PREPARED

So Ordered

*Brandy Worsham*

BRANDY WORSHAM

Electronically signed by BMWORSHAM on 2018-08-24 08:09:15     page 4 of 4