UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH KAPPELMEIER and
ADAM KAPPELMEIER                                                                                   PLAINTIFFS

v.                                                   No. 5:18-CV-05181

WIL-SHAR, INC.                                                                                        DEFENDANT

**OPINION AND ORDER**

Before the Court is a joint motion (Doc. 14) to approve the parties' settlement agreement and dismiss Plaintiffs' Fair Labor Standards Act and Arkansas Minimum Wage Act claims. No collective action has been certified. In addition to the unsealed motion and exhibits, the parties have filed a proposed settlement agreement under seal (Doc. 15) for the Court's review. The motion will be denied without prejudice to its refiling.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). The parties dispute whether any bona fide FLSA wage and overtime violations occurred. Plaintiffs contends that Defendant's unlawful pay practices resulted in Plaintiffs not being paid for overtime work performed. Defendant argues that its pay practices comply with relevant legal requirements as evidenced by a DOL audit which found no back wages owed.

Various issues exist with the parties' sealed settlement agreement that prevent the Court from approving it. The parties have made clear that the current settlement agreement is to remain confidential, the waiver of claims against Defendant extends beyond just wage and hour claims, the agreement lacks an adequate justification for the exclusion of liquidated damages, and

1

Plaintiffs are to bear the costs of litigation. These issues must be addressed before the Court can approve the agreement.

Settlement agreements conditioned on confidentiality run counter to the policy of public access to judicial documents. In order for the Court to approve a confidential settlement agreement, the parties must demonstrate a need for confidentiality that outweighs the strong presumption of public access. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 337 (S.D.N.Y. 2012). The motion fails to make this demonstration. Because the provisions of the FLSA are mandatory, their compromise cannot be made contingent upon confidentiality agreements and the waiver of non-wage-and-hour claims. *Briggins v. Elwood TRI, Inc.*, 3 F.Supp.3d 1277, 1288–89 (N.D. Ala. 2014) (stating that in order to be compensated consistently with the FLSA, an employee cannot be compelled to make "side deals" that do not relate to the bona fide disputes over FLSA coverage or wages due).

Additionally, Plaintiffs waive their right to recover liquidated damages "because of the risk of a failure to recover damages at a trial on the merits." (Doc. 14, p. 4). "Generally, an award of liquidated damages is mandatory if a FLSA violation occurs." *Goldsby v. Renosol Seating, LLC*, 294 F.R.D. 649, 654 (S.D. Ala. 2013) (rejecting settlement agreement that did not break down the amount of unpaid overtime compensation, unpaid wages, or liquidated damages). However, liquidated damages are not mandatory if "the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *See Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1083 (8th Cir. 2000) (quoting *Braswell v. City of El Dorado*, 187 F.3d 954, 957 (8th Cir. 1999)). Risk of a defense verdict is not an adequate basis for waiving liquidated damages—if the parties have agreed that Plaintiffs should be compensated for some hours worked, liquidated damages are also appropriate.

Finally, the settlement agreement provides that Plaintiffs are responsible for their own attorney's fees. Settlements that shift the costs of litigation back to a plaintiff run counter to the statutory scheme of the FLSA. When an FLSA settlement reduces the plaintiffs' recovery to pay the plaintiffs' attorney's fees and costs, "such an outcome undermines the statutory scheme set forth by Congress. FLSA plaintiffs, per the statute, are entitled to gain all of the benefit from successful litigation without paying attorneys' fees and costs. The FLSA shifts the burden of paying fees and costs to the defendant." *Williams v. Coventry Health Care of Florida, Inc.*, No.: 6:16-cv-731-Orl-41TBS, 2018 WL 1466395, at *3 (M.D. Fla. Mar. 26, 2018). The proposed agreement improperly shifts the expense of litigation back to Plaintiffs. The proposed settlement is not fair and equitable.

IT IS THEREFORE ORDERED that the joint motion (Doc. 14) is DENIED without prejudice to its refiling.

IT IS SO ORDERED this 3rd day of July, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE