IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH KAPPELMEIER AND                                   PLAINTIFF
ADAM KAPPELMEIER

V.                              NO. 5:18-CV-05181-PKH

WIL-SHAR, INC.                                            DEFENDANT

---

## SECOND JOINT MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

---

COMES NOW Plaintiffs Adam Kappelmeier and Kenneth Kappelmeier ("Plaintiffs") and Defendant Wil-Shar, Inc. (Defendant), by and through their undersigned counsel, and jointly submit the following Second Joint Motion to Dismiss With Prejudice and For Approval of Settlement Agreement:

1.     The Parties previously moved for dismissal of this action after reaching an arms-length settlement agreement between counsel. *See* ECF No. 14. The Court denied that Joint Motion without prejudice and identified four issues to be addressed before the Court can approve the requested settlement agreement. *See* ECF No. 16.

2.     First, the Parties have attached the proposed Settlement Agreement as Exhibit A to this Joint Motion and no filing under seal is requested. The Parties have still agreed upon the Non-Disclosure provision within the Agreement to preclude the affirmative disclosure of settlement terms but recognize and accept the public interest in this information. Thus, this issue should be resolved.

3.     Second, Defendant contends that Plaintiffs are not entitled to any wages and, thus, a general release is warranted in exchange for the voluntary settlement

payments offered in the original settlement agreement.   Nonetheless, the Parties have agreed to modify the Settlement Agreement to only include a release of wage-related claims pursuant to the FLSA and Arkansas law in order to resolve this matter.

4.      Third, Defendant has consistently denied that any back wages are owed to Plaintiffs.   It adamantly denies Plaintiffs' allegations of any back wage entitlement. Furthermore, as previously briefed, the United States Department of Labor (DOL) conducted an in-depth, two-year audit of Defendant's wage practices prior to this lawsuit. It reviewed every non-exempt employees' pay records, took witnesses statements, reviewed travel logs, and made other analysis into whether any wage violations occurred. That audit included the very same claims alleged by Plaintiffs here, including a review of Plaintiffs' time, pay, and travel records.

Upon completion, the DOL concluded its audit without finding any back wages owed to anyone, including Plaintiffs.   Thus, Defendant believes that it has shown in good faith such reasonable grounds to justify its position that no wages are owed and that it was not in violation of the FLSA. *See Jarrett v. ERC Properties, Inc.,* 211 F.3d 1078, 1083 (8th Cir. 2000). Defendant entered into this settlement to avoid the costs and interference of business operations involved in FLSA litigation, especially after just completing a nearly two-year audit.

Plaintiffs entered into this settlement to avoid the risk inherent in any litigation. Plaintiffs acknowledge that the parties disagree as to legal and fact issues on all claims. Plaintiffs seek to avoid the risk of a partial or full defense verdict.

In light of the DOL's audit results and the good faith dispute as to liability on all claims, and the desire of all parties to avoid litigation risk, the Parties' settlement negotiations concluded with an agreement absent liquidated damages.

4.      Finally, the $30,000 payment is inclusive of attorney fees.  The parties first negotiated monetary amounts to resolve Plaintiffs' wage and hour claims. Based upon Plaintiffs' estimates as to wages owed and Defendants adamant denial of liability, supported by the DOL's audit results, the parties agreed upon payment of $10,000 to each Plaintiff, for a total payment of $20,000. The Plaintiffs are father and son.  They held the same position, Sheet Metal General Laborer, and performed the same tasks while working for Defendant. They have the same dates of employment and were paid approximately the same wages during the relevant time period.  Plaintiffs agreed to this monetary amount as fair payment to compromise their claims based on estimated wage loss and in order to avoid the inherent risk of trial.

The parties then negotiated fees separately and without regard to Plaintiffs' FLSA claims.   Those fees are included in the proposed payment because Defendant never agreed to pay Plaintiffs $15,000 to compromise wage loss claims.  Thus, this settlement does not require Plaintiffs to bear the costs of their own attorneys' fees in conflict with the FLSA.

Further, courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, __ F.3d __, 2019 WL 2527594 at *2 (8th Cir. 2019).  Also, as noted previously, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018)("where the parties have already agreed

upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this resolution sufficiently closes all matters before the Court and warrants dismissal without further litigation in accordance with the FLSA's interests.

5.      The Parties have reached an amicable resolution as to Plaintiffs' claims. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' Amended Complaint in this action. This settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court ender an order dismissing with prejudice this lawsuit in its entirety and approving the attached Settlement Agreements, and for all other relief to which they may be entitled.

Respectfully submitted,

Joshua Bailey (ABA #2009184)
Brian C. Hogue (ABA #2010028)
**HOGUE LAW FIRM**
P.O. Box 4220
206 N. College Avenue
Fayetteville, AR 72701
Phone: (501) 221-0088
Fax: (888) 787-2040
Email: josh@hoguelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

And

J. Bruce Cross (ABA #74028)
Gregory J. Northen (ABA #2011181)
**CROSS, GUNTER, WITHERSPOON
   & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200

Little Rock, Arkansas 72201
Phone:  501- 371-9999
Fax:  501-371-0035
Email: bcross@cgwg.com
Email: gnorthen@cgwg.com
**ATTORNEYS FOR DEFENDANT**