**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**KENNETH KAPPELMEIER and**                                    **PLAINTIFFS**
**ADAM KAPPELMEIER**

vs.                                No. 5:18-CV-5181-PKH

**WIL-SHAR, INC.**                                                             **DEFENDANT**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiff Adam Kappelmeier (hereinafter referred to as "Employee" or "Plaintiff"), which includes his agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendant Wil-Shar, Inc. (Wil-Shar), which, includes any assigns, including Wil-Shar's current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter collectively referred to as "Defendant").

### STATEMENTS OF FACT

The parties acknowledge that:

Plaintiff initiated this lawsuit while a wage & hour audit was being conducted of Defendant by the U.S. Department of Labor. The audit was closed while this litigation remained pending.

It is the desire of the parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Employee's alleged employment with Defendant. Moreover, the parties desire to resolve any and all claims which Plaintiff may have against Defendant as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the parties agree as follows:

### I.

Plaintiff acknowledges that he has had adequate and legally sufficient time to review this Agreement with his legal counsel and that he understands the rights that have been waived by this Agreement.

Plaintiff further represents and warrants that he freely negotiated the terms of this Agreement and enters into it and executes it voluntarily. Plaintiff understands that this is a voluntary waiver of any and all claims, whether known or unknown against Defendant, that relate in any way to his alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendant, up to and including the date of the execution of this Agreement.

Plaintiff acknowledges and agrees that in exchange for entering into this Agreement, he is receiving consideration, i.e., payment described in Section II below, which is something that he is not otherwise entitled to receive.

### II.

In consideration of each party's promises and commitments contained in this Agreement, the parties agree to the following:

A. Defendant will pay Plaintiff the amount of Ten Thousand and 00/100 ($10,000.00), for alleged back wages, subject to withholdings required by law. Plaintiff will be issued a W-2 for that amount.

B. Defendant will pay the Hogue Law Firm the amount of Five Thousand and 00/100 ($5,000), for costs and attorney fees incurred in this litigation on behalf of Plaintiff.

C. The payment set forth in Section II.A will be payable to Employee no later than thirty (30) days yet not sooner than eight (8) days after execution of this Agreement, provided that the Court has dismissed Plaintiff's Complaint as agreed in Section IV of this Agreement.

### III.

Plaintiff shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing from Plaintiff to any and all such taxing authorities. Plaintiff agrees to indemnify, defend, and hold Defendant harmless from and against any and all claims, demands, and causes of action that in any way arise from or otherwise relate to the failure of Plaintiff to report or pay any and all taxes due or owing from Plaintiff to any and all taxing authorities as related to the payment received under this Agreement. Plaintiff and his counsel agree that this indemnity obligation set out in this section shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes,

penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation. Plaintiff acknowledges and agrees that he has not received any tax planning advice from Defendant or Defendant's attorneys.

## IV.

In return for Defendant's payment of the valuable and sufficient consideration outlined in Section II above, the sufficiency of which is hereby acknowledged, Plaintiff fully, finally, and forever releases and discharges Defendant from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; retaliation; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Plaintiff has, had, or may have had that relate in any way to his alleged employment with, contracted work with, separation from, complaints about, and compensation and benefits due from, Defendant. This Release is made on behalf of Plaintiff, his dependents, heirs, executors, administrators, and agents including any successors and assigns.

Plaintiff agrees that he will seek dismissal of the Complaint in this action, USDC Case No.: 5:18-CV-05181-PKH (W.D. Ark.), by filing a Motion to Dismiss with Prejudice with the Court. In addition, Plaintiff specifically releases any and all claims of any kind whatsoever that he has, had, or may have had against Defendant as of the date of Plaintiff's execution of this Agreement under the following:

(1) the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq*.);
(2) the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*.); and
(3) any and all wage-related claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas.

Plaintiff understands and agrees that, even if he should eventually suffer additional damages arising out of the matters released by this Agreement, he will not be able to make any claims for those damages as against Defendant; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement shall preclude Plaintiff from filing with or participating in any manner in any investigation, hearing or proceeding conducted by the Arkansas and United States Departments of Labor and/or Equal Employment Opportunity Commission. Plaintiff hereby waives any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the Effective Date of this Agreement.

AK ___

## V.

The parties expressly acknowledge that this Agreement contemplates the extinguishment of all claims against each other, relating to Plaintiff's alleged employment with, contracted work with, separation from, complaints about, injuries, and compensation and other benefits due from Defendant, the validity, existence, and occurrence of which are expressly denied by Defendant.

In further exchange for the consideration recited in Section II above, Plaintiff agrees to waive and relinquish any claim to any right of reinstatement, or future consideration for employment with Defendant. Moreover, Plaintiff agrees to never apply for a position with Defendant or take any temporary employment with Defendant, including any future entity owned or managed by Defendant. Plaintiff acknowledges that he is not entitled to such employment and understands that he will not be hired or permitted to work for Defendant. If Plaintiff applies for employment and is inadvertently hired, or he is otherwise temporarily employed to work for Defendant, Defendant may immediately terminate that employment without cause and without liability.

## VI.

Plaintiff represents and warrants that he has not assigned to a third party any of his current or potential claims against Defendant.

## VII.

Plaintiff agrees that he will not solicit, seek out, or encourage any other individual(s) to file a lawsuit against Employer, for any reason, including for the payment of alleged back wages owed as set forth in his Amended Complaint. Plaintiff further agrees not to help, advise, assist, testify, or provide any documents to any individual, entity, or organization, including, but not limited to, any current or former employees of Defendant, or applicants for employment, in any manner whatsoever with respect to any action or investigation involving Defendant, unless lawfully subpoenaed or interviewed by law enforcement or other governmental investigators, including but not limited to the Arkansas or United States Department of Labor and/or the Equal Employment Opportunity Commission.

## VIII.

The parties acknowledge and agree that they have a protected interest in maintaining and securing their reputations. Plaintiff specifically agrees that he will not make any disparaging or inappropriate remarks concerning Defendant under any circumstances, whether work-related or not, arising out of his alleged employment or contracted work with Defendant.

Plaintiff also agrees that he will not reveal the existence of this Agreement, nor any terms thereof (including the fact of payment and the amount of payment), and the facts surrounding any alleged violations asserted by Plaintiff against Defendant, to any person, entity, or organization, except to his spouse, if any, tax advisor, attorney, accountant or the Internal Revenue Service and similar state or local taxing authorities if necessary in connection with the

filing, amendment or audit of his federal, state or local income tax return, or pursuant to a valid order or subpoena issued by a governmental entity such as the Internal Revenue Service or any state department of unemployment compensation or taxation. Any such disclosure of the aforementioned information shall be made only upon admonishing the person or entity to whom such information is disclosed about the confidential nature of the information.

If Defendant believes that a violation of this Agreement, including but not limited to violations of any of the obligations set forth in the previous paragraph has occurred, Defendant may present this Agreement to the United States District Court for the Western District of Arkansas, Fayetteville Division for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from each and any breach by Plaintiff. Plaintiff, therefore, agrees that in the event of each breach, Plaintiff will pay to Defendant, as liquidated damages, and not as a penalty, the sum of Five Thousand Dollars ($5,000.00) for any breach, which represents reasonable compensation to Defendant for the loss incurred because of such breach, as well as any actual damages, that Defendant may establish, plus reasonable legal fees and costs expended by Defendant.

## IX.

This Agreement shall not in any way be construed as an admission by Defendant of any liability whatsoever or as an admission by Defendant of any acts of wrongdoing, misclassification, or discrimination against Plaintiff or any other persons. In fact, Defendant specifically disclaims improper wage payments, retaliation, or any liability to and wrongdoing against Plaintiff or any other persons. Defendant affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiff. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

## X.

This Agreement is deemed by the parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

## XI.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

## XII.

Plaintiff has not relied on any information provided or statements made by Defendant or any of its agents, representatives, or attorneys that are not contained in this Agreement. In return

AK ___

for executing this Agreement, Plaintiff is receiving only the consideration described in Section II of this Agreement.

## XIII.

This Agreement contains the entire Agreement between the parties, and it replaces any prior agreements or understandings between the parties. All modifications to this Agreement must be made in writing and signed by the parties.

## XIV.

This Agreement is deemed to have been drafted jointly by the parties and, in the event of a dispute, will not be construed in favor of or against any party by reason of that party's contribution to the drafting of this Agreement.

## XV.

The parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all parties for their records.

## XVI.

This Agreement becomes effective as to a party as of the date that party signs the Agreement.

**PLAINTIFF:**

_____
Adam Kappelmeier

Subscribed and sworn to before me as of the _____ day of August, 2019.

My Commission Expires:         _____
                                Notary Public
_____

**APPROVED:**

_____
**Joshua Bailey, Esq.**
**Brian C. Hogue, Esq.**
HOGUE LAW FIRM

6

AK ___

AK \_\_\_

P. O. Box 4220
206 N. College Avenue
Fayetteville, AR 72701
Email: josh@hoguelawfirm.com

And

**DEFENDANT:**

By: _____ on Behalf of Wil-Shar Inc., as its _____

Subscribed and sworn to before me as of the \_\_\_\_ day of August, 2019.

My Commission Expires:

_____
Notary Public

_____

**APPROVED:**

*s/* Gregory J. Northen_____
J. Bruce Cross
Gregory J. Northen
CROSS, GUNTER, WITHERSPOON &
 GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone (501) 371-9999
Email: bcross@cgwg.com
Email: gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANT**

7

AK \_\_\_