UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH KAPPELMEIER and
ADAM KAPPELMEIER                                                              PLAINTIFFS

v.                                     No. 5:18-CV-05181

WIL-SHAR, INC.                                                                 DEFENDANT

**OPINION AND ORDER**

Before the Court is a second joint motion (Doc. 20) to approve the parties' settlement agreement and dismiss Plaintiffs' Fair Labor Standards Act and Arkansas Minimum Wage Act claims with prejudice. The parties have filed their proposed settlement agreement (Doc. 20-1) as an unsealed exhibit to their motion. For the reasons discussed below, the motion will be GRANTED.

In April 2015, Plaintiffs began working for Defendant as Sheet Metal General Laborers. Plaintiffs were primarily responsible for constructing, assembling, and erecting steel frame buildings. On May 9, 2018, Plaintiffs filed the instant action in the Circuit Court of Benton County, Arkansas alleging that Defendant failed to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Arkansas Minimum Wage Act ("AMWA"), § 11-4-201, et seq. Specifically, Plaintiffs allege that Defendant failed to pay Plaintiffs for the hours they worked, including travel time, time spent donning and doffing safety equipment, time spent at safety meetings, time Plaintiffs were engaged to wait, time spent for mandatory classes, and for the money deducted from Plaintiffs' paychecks to cover those classes. (Doc. 2, p. 6, ¶ 28).

Defendant removed the case on September 13, 2018. No collective action has been certified. On June 7, 2019, the parties filed a joint motion to dismiss after reaching a settlement

1

agreement. The Court identified numerous deficiencies in the agreement and denied the motion without prejudice to its refiling. The parties amended their settlement agreement and have now filed the instant motion seeking dismissal of the case with prejudice and approval of their amended settlement agreement.

At the outset, the Court notes that the amended settlement agreement includes a "non-disclosure" provision. The non-disclosure provision would prohibit Plaintiffs from affirmatively discussing or disclosing the terms of the agreement, and would further prohibit Plaintiffs from soliciting, seeking out, or otherwise encouraging any other individual to file a lawsuit against Defendant for alleged back wages. Any violation of the non-disclosure provision would result in a $5,000 penalty.

There is a presumption of public access to judicial documents. However, a confidentiality provision is not per se invalid. *Briggins v. Elwood TRI, Inc.*, 3 F.Supp.3d 1277, 1288–89 (N.D. Ala. 2014). In order for the Court to approve a confidential settlement agreement, Court must weigh the purported need for confidentiality against the strong presumption to public access. *See Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 337 (S.D.N.Y. 2012). The Court finds that the parties have sufficiently balanced the need for confidentiality against the public's interest in accessing judicial documents. The parties have agreed to file their proposed settlement agreement on the docket with unfettered public access. As a result, there is no loss in judicial transparency. If an employee or any other member of the public searches the public file of this case, he or she will have access to the claims asserted by Plaintiffs, the terms of the settlement agreement, as well as the amount of damages awarded to Plaintiffs. Thus, maintaining the confidentiality of the agreement will not prevent other potential plaintiffs from receiving notice of a potential claim.

Under these circumstances, the Court finds the public's rights and interests are adequately protected. The non-disclosure provision will be approved.

With respect to the remainder of the settlement agreement, a district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). Having already determined that a bona fide dispute exists, the only question remaining is whether the amended agreement is fair and equitable.

The factors a court should consider in evaluating the fairness of a settlement depend on the unique circumstances of each case. *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 3:16-cv-00026, 2017 WL 821656 *5 (S.D. Iowa, Jan.10, 2017). Among the factors courts have considered are: (1) the amount of overtime to which class members may be entitled; (2) how close to full compensation of class members' claims the proposed settlement provides; (3) whether the proposed settlement includes or excludes liquidated damages and/or attorney's fees and expenses; (4) the likely complexity, expense, and duration of the litigation if the settlement is not approved; and (5) what additional claims class members must release in order to receive compensation under the proposed settlement agreement. *Id.* at *4; *Loseke v. Depalma Hotel Corp.*, 4:13-cv-3191, 2014 WL 3700904 (D. Neb. July 24, 2014).

Regarding the amount of overtime and compensation, the parties agree that Defendant will pay $10,000 to each Plaintiff. There is nothing in the record to suggest that this figure is inadequate based on the amount of overtime compensation to which Plaintiffs may be entitled. Therefore, the Court finds that the agreement adequately compensates Plaintiffs for the amount of overtime pay which they allege was wrongfully withheld. Additionally, the attorney's fees do not appear to be

so unreasonable as to fall outside of the deferential review that results when fees are negotiated as a part of settlement. *See Melgar v. OK Foods*, 902 F.3d 775, 779–80 (8th Cir. 2018). Moreover, if the agreed attorney's fees do not lead the Court to determine that the settlement agreement itself is unreasonable, the amount of attorney's fees is not independently subject to review. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Because the agreed fee is not so disproportionately exorbitant to alone indicate collusion when compared to the compensation paid to Plaintiffs, the settlement agreement—including the attorney's fees—will be approved without inquiry or comment into the reasonableness of the attorney's fees.

In its previous order, the Court discussed the issue of omitting liquidated damages from a proposed agreement seeking to settle FLSA claims. "Generally, an award of liquidated damages is mandatory if a FLSA violation occurs." *Goldsby v. Renosol Seating, LLC*, 294 F.R.D. 649, 654 (S.D. Ala. 2013) (rejecting settlement agreement that did not break down the amount of unpaid overtime compensation, unpaid wages, or liquidated damages). However, liquidated damages are not mandatory if "the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *See Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1083 (8th Cir. 2000) (quoting *Braswell v. City of El Dorado*, 187 F.3d 954, 957 (8th Cir. 1999)). In this case, the amended agreement omits liquidated damages. Defendant argues that it has demonstrated a good faith and reasonable belief that it did not violate the FLSA. The Court agrees. Defendant's wage practices were the subject of a two-year audit by the United States Department of Labor ("DOL"). The claims brought by Plaintiffs were part of the audit's investigation. The DOL concluded its audit without a finding that Defendant owed back wages to any employee, including Plaintiffs. These findings support Defendant's position that it believes it complied with the FLSA and its

4

requirements. The Court considers this a reasonable basis for approving the omission of liquidated damages.

Finally, the Court must consider whether the agreement includes a release of all claims. The proposed agreement includes a general release of all claims as well as a specific release of all wage-related claims. As previously discussed, the provisions of the FLSA are mandatory, so their compromise cannot be made contingent upon the waiver of non-FLSA claims. *Briggins v. Elwood TRI, Inc.*, 3 F.Supp.3d 1277, 1288–89 (N.D. Ala. 2014) (stating that in order to be compensated consistently with the FLSA, an employee cannot be compelled to make "side deals" that do not relate to the bona fide disputes over FLSA coverage or wages due). "Put simply, in order to be compensated consistent with the FLSA, an employee cannot be compelled to surrender other rights, for doing so undermines the fundamental nature of the minimum wage and overtime protection of the Act by enabling an employer to extract a price for simply doing what the Act requires." *Id.* at 1289. The parties offer a legitimate compromise as to the inclusion of a confidentiality provision yet make no representation as to why a general release of claims is necessary, other than acknowledging that one "is warranted."

It appears however that in modifying the proposed agreement, the parties agreed "to modify the Settlement Agreement to *only* include a release of wage-related claims pursuant to the FLSA and Arkansas law in order to resolve this matter." (Doc. 20, p. 2, ¶ 3) (emphasis added). Thus, the Court reads the motion as stating the parties intended for the settlement agreement to waive only wage-related claims. That being the case, and because the law prevents Defendant from eliciting a waiver of nonwage-related claims, the Court will not approve the provisions effecting a general release. Only the specific waiver provision which waives wage-related claims is operative.

After considering all the factors, the Court finds the settlement agreement is a fair and equitable compromise of a bona fide dispute. The agreement will be approved subject to the modifications discussed in this order, and Plaintiffs' claims will be dismissed with prejudice.

IT IS THEREFORE ORDERED that the proposed confidential settlement agreement is approved with one modification. The agreement's general release of all claims provision is STRUCK.

IT IS FURTHER ORDERED that the parties' joint motion to dismiss (Doc. 20) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 4th day of September, 2019.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE